Porter, J.
On the trial of this cause, which *575 was to recover the value of wages due to the plaintiff’s testator, for services rendered as an overseer, the defendant, who had plead the general issue, payment and set off, offered to read a letter written by the deceased; in which he requested Peytavin, against whom this suit is brought, to sell a bale of cotton belonging to him. The introduction of this letter was objected to, and the court sustaining the objection, a bill of exceptions was taken.
Judge Martin has gone so fully into the case, that I shall confine myself to a very concise statement of the reasons which induce me to think, this cause should be remanded.
As the evidence offered was pertinent and applicable to the issues formed by the pleadings, I think it ought to have been received. The reason given by the district judge, that it should not go to the jury, because it did not prove that Lazare ever took the bale of cotton, is not satisfactory to my mind. That was not deciding, whether the evidence was legal or not, but deciding how much it proved; or in other words, what conclusions should be drawn from it. This it was not, in my opinion, the province of the judge to determine.
*576 It is true, courts refuse parties the permission to put questions to witnesses wholly impertinent to points at issue; and they reject any legal evidence, which it is clear would prove nothing in the cause. But in the exercise of this power great caution is necessary, and whenever it is doubtful, whether the testimony offered be material or not, it should be suffered to go to the jury.
Another bill of exceptions was taken, to the judge refusing to charge the jury, that one witness was incompetent to prove the contract as overseer, at the rate of $800 per annum. I am of opinion, that as there was a commencement of proof in writing, the judge did not err in refusing to give the charge requested.
The only doubt which could be raised is, whether a letter, written by the plaintiff, and voluntarily produced by the defendant as evidence, can be considered as a writing emanating from the latter.
Our Civil Code does not require, that the writing which is to serve as the basis for the introduction of parol testimony, should be signed by the party; it is sufficient if it proceeds from him.
*577 This provision was introduced, to guard against the abuses of parol evidence, in proving contracts above a certain amount. The object of the law I think as well secured, when the party furnishes the ground for the testimony, by the voluntary production of writings within his own power, as if his adversary presented a paper with his signature affixed to it.
Pothier in his Treatise on Obligations, n. 772, it is true, states, that an act written by the party requiring the proof, cannot serve as a commencement of proof, because no person can make evidence for himself. But this reason fails here, and with it the rule. When a paper is introduced, the whole must be taken together. If it proves against the party by whom it was written, it is also evidence in his favour. It cannot be divided. See Phillip’s on Evidence, (edit. 1820) 79.
Recurring to the first bill of exceptions, the only doubt I have had in this case is, whether the court ought not to take the letter, which was rejected on the trial below, as proved, and proceed to give judgment on the merits. But, on reflection, I am convinced, that as the record does not contain any evi *578 dence it was written by the plaintiff’s testator, we are not authorised to consider it as proved, because it was rejected as containing nothing material to the question at issue. The cause must therefore be remanded for a new trial, with directions to the judge to receive in evidence the letter referred to in first bill of exceptions, and the plaintiff and appellee pay the costs of this appeal.
Martin, J.
The plaintiff claims wages, earned by his testator, as agent and overseer of the defendant, during two years, on a special agreement, at the rate of $800 a year, and the petition has a count on a quantum meruit. Farther he claims the value of a bale of cotton of his testator, sold by the defendant, and the further sum of $100, the amount of a draft of the defendant, on the plaintiff’s testator.
The defendant pleaded the general issue, set off, and payment.
The plaintiff had a verdict and judgment for $1309 36 cents, and the defendant appealed.
Our attention is first arrested by two bills of exceptions, taken by the defendant and ap *579 pellant. A third, which was taken by the plaintiff and appellee, will not be considered, as he did not appeal.
1. The first is, to the opinion of the district court, in refusing to admit in evidence, a letter of the plaintiff’s testator, to the defendant, containing expressions, in the French language, which are literally rendered by these: “If R. has not told you to sell the bale of cotton, which you have of mine, sell it. I will take one of yours, which I will have carefully weighed, and he who may be found the debtor shall pay.”
2. The second is, to the refusal of the court, to charge the jury, that a contract for wages, at the rate of $800 a year, for two years, was not legally proven by the oath of a single witness.
I. Had this letter gone to the jury, the defendant might had insisted, (with what success it is not our business to inquire) that the sale of the plaintiff’s testator’s bale of cotton, by the defendant, did not expressly bind him to the payment of its value in money, but only to suffer the testator, or his representative, to take one of the defendant’s bales. *580 The letter is evidence, that the writer, at the period of its date, had in his possession, at least within his reach and controul, bales of cotton of the defendant, and unless it was shewn, that he had not time to take one of them, or was prevented from doing so, might have induced the jury to reject the claim. I think it was legal evidence for the defendant, and the jury alone were judges of its weight.
II. The plaintiff’s counsel admits the general principle contended for by the defendant; but urges, that the present case comes within the exceptions of the Code, as there is a beginning of proof in writing, as the claim arises on a quasi contract.
1. The beginning of proof is presented to us in a letter of the testator to the defendant, produced and read to the jury by the latter, and in the plea of payment.
Letters of a party establishing a contract, the existence of which is put in issue, are certainly written evidence against him, and if introduced by the opposite party, are evidence for the former and against the latter; and I think, the letter, if containing a beginning of proof of the contract in issue, author *581 ised the jury to find a verdict on the testimony of a single witness.
In this letter, the deceased informed the defendant, that he had, in vain, endeavoured to procure for him a few hundred dollars from one of his neighbours; that, in a few days, the cotton would be all cleaned; that it was dying almost as fast as it came up; that he put new seed where wanted; that as soon as all the cane would be up, he would put all the hands in the field; that there was nothing new, except that he had many sick negroes.
It appears to me, that if the deceased had been sued for neglect in the management of the defendant’s farm, as his overseer, and had denied his being the overseer, this letter would have been strong evidence of his being so; of a contract to oversee the plantation; and as in the present case, the letter was offered by the latter, it is evidence, and written evidence proceeding from him, of a contract between the parties, that one of them should act as an overseer for the other.
I therefore conclude, that the letter offered in evidence by the defendant, is, in the words of the Code, an act in writing, which proceeds *582 from him, and renders the fact (of the plaintiff’s testator having been his overseer) probable, and that the judge ought not to have charged the jury in the manner required by the defendant’s counsel.
This renders it, perhaps, unnecessary to examine the other points, but as the opinion which I have just emitted, may not be that of the court, I have examined them.
The position charges a contract, in a two-fold way, one for a special sum or consideration; and on a quantum meruit. In either case, the proof of a convention is necessary to support the allegation.
Conventions are not always made by express words, nor always by words. La convention sans ecrit se fait verbalement, ou par quelqu’ antre voye qui marque, ou presuppose le consentement, 1 Domat 1, 1, 10. Tacite consensu convenire, 1. 2, ff. de part. Sed & nutu solo, pleraque consistunt, 1. 52, sec. 10, ff. de obl. & art.
Domat puts the case of a deposit, and says, that he who receives one, binds himself without speaking. Now deposit is conventional, or judicial. A deposit is a contract. Civ. Code, 410, art. 1 & 2. It is either voluntary or necessary. id.
*583 A beginning of proof in writing is not required, for the proof of a contract by one witness, when the value of its object does not exceed $500. It is not required, in case of a necessary deposit, id. 312, art. 246. In that of a voluntary one, the beginning of proof is, therefore, needful; and Domat says, that the person who receives a deposit (voluntary or necessary) without speaking, contracts all the obligations of a depository. Contracts and conventions exist, and in their full force, in cases in which the parties give only an implied assent, and these do not fall into the class of quasi contracts, from which they must be distinguished.
The letter referred to in the first bill of exceptions, marked A, in the record, and bearing date of Donaldsonville, March, 1819, without any mention of the day, having been rejected by the court, when it was offered in evidence, nothing shews, although a copy of it comes up, that it was proven; we, therefore, cannot receive it in evidence. If it had been, it would be proper to enquire, whether all the evidence being before us, we ought to pronounce on the merits; or whether, as the defendant prayed for a jury, (notwithstand *584 ing special facts were not submitted) the case ought to be remanded.
Upon the whole, I think we ought to remand it, with directions to the district court, to allow the letter referred to in the first bill of exceptions, to be proven and read to the jury. The costs of the appeal to be borne by the plaintiff and appellee.